TERRITORY EX REL. FISK, respondent, *v.* RODGERS, appellant.

PLEADING — *insufficient denials — issues.* An answer that "denies legally and lawfully" the allegations of the complaint, raises no issue of fact.

TERRITORIAL AUDITOR — *appointment by governor and council.* Under the organic act of this Territory, the office of territorial auditor must be filled by the governor, who nominates and, by and with the advice and consent of the legislative council, appoints a person to fill said office.

STATUTORY CONSTRUCTION — *statute relating to election of auditor void.* The act approved November 16, 1867, which provides for the election of a territorial auditor by the legislative assembly and the voters of the Territory, conflicts with the organic act and is void; such an election confers no right upon the party claiming the office.

AUDITOR NOMINATED BY GOVERNOR — *confirmation by council.* A person, who has been nominated by the governor to fill the office of territorial auditor, has no right thereto until the legislative council has confirmed the nomination.

GOVERNOR CANNOT FILL CERTAIN VACANCIES IN OFFICE. The governor has no authority from the organic act, or the legislative assembly, to fill a vacancy in the office of territorial auditor.

OFFICE OF TERRITORIAL AUDITOR. The legislative assembly has created the office of territorial auditor, and can abolish it.

*Appeal from the First District, Madison County.*

THE facts are stated in the opinion. The judgment was rendered by WARREN, J.

WORD & SPRATT and WOOLFOLK & TOOLE, for appellant.

The governor cannot fill the office of territorial auditor by appointment, after he has exercised the appointing power

in the first instance, under section 7 of the organic act. The expression of one thing is the exclusion of all others. The organic act provides the manner of filling the office and defines the powers of the executive. Smith's Const. Law, 667, 677, 778, 790 ; 2 Story's Const. 403, 1542, 1543 ; *People* v. *Langdon*, 8 Cal. 15 ; *People* v. *Whitman*, 10 id. 46.

There was no vacancy for the governor to fill. The legislative assembly can provide for the filling of vacancies during the recess of the council, if the organic act is silent thereon. *People* v. *Oulton*, 28 Cal. 44 ; *People* v. *Tilton*, 37 id. 618 ; *Bourland* v. *Hildreth*, 26 id. 161. The governor exhausted his appointing power in the first instance, and the office became vacant by force of the organic act. The legislature has ever since filled the vacancy, and the incumbent held by virtue of the laws, which the legislature had a right to make. *Tappan* v. *Gray*, 9 Paige, 507.

The law creating the office of auditor provides that the incumbent shall hold over till a successor is qualified. Acts 1865, 533–539.

The governor cannot declare a vacancy. There is no finding or admission in the proceedings that any proper tribunal had declared the office vacant at the time respondent was appointed. Was the office of auditor vacant by operation of law? If there was a vacancy, the legislature had the power to provide the manner of filling it, and this mode must be strictly followed. Acts 1869, 88, § 2 ; Smith's Const. Law, 790.

The governor has no right to remove officers. The legislature has limited this right to a single cause. Acts 1867, 73, § 8 ; *Tappan* v. *Gray*, 9 Paige, 507 ; *People* v. *Carrique*, 2 Hill, 93.

The court finds that appellant's term of office expired in 1869 at the general election. The statute declaring in what cases vacancies occur applies to events occurring before the expiration of the term of office and cannot be extended to include other cases. Acts 1867, 72, § 7. Section 2 of the Laws of 1869 repeals the ninth section of the Laws of 1867,

page 73. These statutes cannot be construed together. By repealing the section providing for the governor alone to fill vacancies, and providing for the same to be filled by the governor and legislative council, the legislature intended that the governor alone should not fill such vacancy. 2 Story's Const. 405, 1544.

The law makes no distinction between *de facto* officers. Respondent must show a perfect right to the office of appellant. There must be a vacancy and respondent must be appointed and qualified according to law. *People* v. *Smyth*, 28 Cal. 21 ; 18 Mo. 341.

The predecessor of appellant surrendered up the books and records and appellant was holding as his successor. There was no such vacancy as would authorize the governor to act. The office of auditor is never vacant when there is any one exercising its functions. The incumbent has the custody of public records. *People* v. *Whitman*, 10 Cal. 38 ; *People* v. *Oulton*, 28 id. 44 ; *People* v. *Stratton*, id. 382 ; *People* v. *Van Horn*, 18 Wend. 518.

Congress authorized the legislature to re-enact the law providing for the election of auditor, and it is valid. 2 Story's Const. 1537. When the law provides that one can hold office until his successor is qualified, the right so to hold, after the expiration of his term, is a tenure by law. *People* v. *Sanderson*, 30 Cal. 160. The statutes prescribe the mode of removing an officer, and it can be done in no other way. Civil Prac. Act, §§ 310–316 ; *People* v. *Carrique*, 2 Hill, 104.

The courts will not declare an office vacant, and leave the books and records without a custodian. *Tappan* v. *Gray*, 9 Paige, 507.

The right of respondent to recover the office has abated during the pendency of this appeal. Civil Prac. Act, § 16 ; Sup. Ct. Rule 15.

W. F. SANDERS and H. N. BLAKE, for respondent.

The office of territorial auditor is appointive. Organic Act, § 7. Sections 3 and 4 of the act of November 16, 1867 (p. 72), conflict with the organic act, and are void.

The claim of appellant to hold said office, being based on said act, is invalid.

The appellant was never nominated or appointed by the executive of Montana. The respondent was so nominated and appointed. It was necessary for the governor to so act to confer authority on any person to fill the office of auditor. Organic Act, §§ 2, 7; Acts 1869, 88.

The election of appellant was illegal, and the office was vacant. The executive, by appointing respondent auditor, thereby removed appellant. *Ex parte Hennen,* 13 Pet. 139; 2 Impeach. of Johnson, 160, 201, 202, 315–317.

The organic act gives the governor the power of removal, and the legislature cannot impair it. Under similar provisions the power of the executive to remove certain officers has been conceded for two generations. 1 Kent, 316; 2 Impeach. of Johnson, 315.

The organic act requires the executive to take care "that the laws be faithfully executed." § 2. These words are borrowed from the United States constitution, and have a definite meaning. Congress intended to weave that meaning into our form of territorial government. Smith's Const. Law, § 482; U. S. Const., art. 2, §§ 1, 3.

The office of auditor is in the executive department. Was there a vacancy in the office August 28, 1869, in contemplation of law? *People* v. *Parker,* 37 Cal. 639. Appellant never held the office *de jure.* Appellant's argument, in practice, gives the executive power to the legislature, and allows it to tie the governor's hands so that he cannot see that the laws are faithfully executed. A part of the power to enforce those laws must be the turning out of an intruder from an executive office. The cases cited by appellant, of an officer *de jure* holding beyond his ordinary term, are decided upon the principle that the holding over is a part of the legal term. They do not justify an intruder *ab initio.* The limitation on executive power by the legislature, requiring that permanent appointments shall be made with the advice and consent of the council, does not apply to a case of removal where such concurrence is not required.

No finding of facts is necessary where a judgment is rendered on the pleadings. *Taylor* v. *Palmer*, 31 Cal. 242. In this case no facts, but legal conclusions were put in issue.

Rule 15 of the supreme court, and section 16 of the civil practice act, do not apply to this case. The people, who are parties, are neither dead or disabled, nor have they sold out.

Appellant's denials are wholly of conclusions of law. Such denials raise no issue of fact. *Wedderspoon* v. *Rogers*, 32 Cal. 569; *Curtis* v. *Richards*, 9 id. 33; *Busenius* v. *Coffee*, 14 id. 91; *Frisch* v. *Caler*, 21 id. 71; *Nelson* v. *Murray*, 23 id. 338; *Richardson* v. *Smith*, 29 id. 529.

SYMES, J. This was an action brought under title 7, chapter 5 of the Civil Code, for the usurpation of the office of territorial auditor, by the people of the Territory upon the relation of James L. Fisk, and James L. Fisk, who claimed that he was entitled to the possession and emoluments of said office, against W. H. Rodgers, the present incumbent.

The complaint alleged in substance that plaintiff Fisk had been duly appointed and commissioned by the governor to the office of territorial auditor; that plaintiff had taken the oath and filed the proper official bond; that he had demanded possession of the said office from said defendant, but defendant refused to give up possession and wrongfully and unlawfully held and intruded himself into the said office. Further, that defendant claimed said office by virtue of an election by the legislative assembly of the Territory, which was illegal; and ask judgment for possession of the office.

Defendant answered and admitted being in possession of the office; denied that plaintiff was lawfully appointed or entitled to the possession of the said office; that he had been duly elected and appointed to the said office by the legislative assembly and the governor in December, 1867; and that he was duly elected by the qualified voters of the Territory to said office in August, 1869, in accordance with the

law of the Territory, and was entitled to hold and enjoy the emoluments of the same.

The plaintiff moved for judgment on the pleadings, which motion was sustained by the court, and judgment rendered that defendant was not entitled to have and enjoy possession of the said office, and that the plaintiff had been duly appointed to and was entitled to the possession and emoluments of the said office, and ordering the defendant ousted from, and the plaintiff put into the possession of, said office. From this judgment the defendant appealed to this court.

There was no error in the court below proceeding to consider the case and rendering judgment on the complaint and answer. The answer raises no issue of fact; it admits the allegations of the complaint, or denies *legally* and *lawfully* the rights set up in the complaint, such denials being pregnant with the admission of all the facts claimed, only denying the legal conclusions resulting therefrom.

The decision of this case involves the consideration of two distinct propositions, first, whether the defendant, the incumbent, is lawfully entitled to hold and enjoy the office, or is an intruder into the same; and second, whether the plaintiff Fisk has been legally appointed to said office, and is entitled to the possession and enjoyment of the same.

The defendant, as appears by the pleadings, took possession of the said office on the 29th of November, 1867, by virtue of an election by the two houses of the legislative assembly of the Territory of Montana and the commission of the governor, which election and commission was in accordance with an act of the legislative assembly, approved November 16, 1867. That defendant was so elected and appointed to the said office to hold the same until the general election on the first Monday in August, 1869; and that at said general election he was elected and chosen by a majority of the qualified electors of the territory, and took the proper oath of office, and offered to file an official bond, but the secretary of the Territory refused to recognize the said election as legal and refused to file the bond, and the governor refused to issue a commission under said election.

The election and appointment by the legislative assembly and governor in November, 1867, and the election by the people on the first Monday of August, 1869, was in accordance with the provisions of the said act of the legislative assembly, and the question presents itself, is the said act in contravention of the provisions of the act of congress, entitled "An act to provide a temporary government for the Territory of Montana," known as the "organic act," and therefore null and void.

Section 7 of said organic act provides that all township, district and county officers not therein otherwise provided for shall be appointed or elected, as the case may be, in such manner as shall be provided by the governor and legislative assembly; and that the governor shall nominate and, by and with the advice and consent of the legislative council, appoint all officers not therein otherwise provided for. The office of territorial auditor is not a township, district, or county office, but is a territorial office, and is, consequently, not to be filled in such a manner as the governor and legislative assembly may provide; but is an office not in the organic act otherwise provided for, and must be filled by the governor nominating and, by and with the advice and consent of the legislative council, appointing a person to hold said office.

So much of the act of the legislative assembly, approved November 16, 1867, as provided for the election by the legislative assembly, or by the election of the Territory, of territorial auditor is in contravention of the organic act and of no force; and the defendant Rodgers claiming to hold and exercise the duties of said office only by virtue of the provisions of said act of the legislative assembly has no lawful right to the possession and emoluments of said office; and the district court below did not err in adjudging that said Rodgers was not entitled to the office and ordering that he be ousted therefrom.

2. The plaintiff and relator Fisk claims the possession and emoluments of said office by virtue of a commission from the governor of the Territory, dated August 28,

1869, appointing him to be territorial auditor until the next session of the legislative council of the Territory. Has the governor the power of appointment to fill such office, or are his powers limited by the language of the organic act, before quoted, to simply the power of nominating and appointing only, after he shall have received the advice and consent of the legislative council. It is stated in the complaint that the plaintiff was nominated and appointed to the said office, which nomination would be subject to the advice and consent of the legislative council; and that he gave bond and took the oath prescribed by law, whereupon a commission was issued appointing him. The nomination only could give the plaintiff no right to the possession of the office until the legislative council had confirmed the nomination, and he was commissioned and appointed in accordance with the advice and consent of the legislative council or confirmation.

The word "nominate" means to recommend for confirmation. Paschal's Annotated Const. 175, note 179; *Marbury v. Madison*, 1 Cr. 137. If the plaintiff has any right, it is by virtue of his appointment and commission.

The language of the organic act, conferring the power of appointment on the governor, is the same as that portion of section 2, article 2 of the constitution of the United States, giving the president the power of nominating and appointing officers. But there is another clause in section 2, article 2, which expressly empowers the president to fill all vacancies which may happen during the recess of the senate, by granting commissions which shall expire at the end of the next session. There is no such express power given to the governor to fill vacancies in our organic act. The court is of opinion that there was a vacancy existing when the governor issued the commission to the plaintiff, Fisk; but it has been held that the power of appointment carries with it the power of removal. Stanbery's Opinions, 18, 19, and authorities cited.

The legislative assembly passed an act in 1865, giving the governor the power to fill vacancies which should happen

during the recess of the legislature, and in the act approved November 16, 1867, making the office of auditor and others an elective one by the people, the governor is empowered to fill vacancies by appointment until the next general election. But, in an act approved December 31, 1868, it is provided, that vacancies happening shall be filled until the next general election by the governor, by and with the advice and consent of the legislative council, and repeals the former acts giving the governor, alone, the power to fill vacancies.

If there is no express law or authority conferring on the governor of the Territory the power to fill vacancies by appointment, or any appointing power, as distinguished from the power to recommend, select or nominate, and appoint only after having obtained the advice and consent of the legislative council, has the governor the inherent executive or incidental power? There are no decisions direct upon this question reported in the supreme court of the United States, because the third clause of the second section, second article of the constitution, expressly confers the power of appointment to fill vacancies on the president. And we have at hand no State constitution similar to our organic act, and, therefore, no decisions to enlighten us. We might be led to the conclusion, that the framers of the constitution thought that provision of the constitution, section 2, article 2, which is the same as our organic act, did not confer on the president the power to appoint to vacancies, without the consent of the senate, or they would not have inserted the third clause, expressly conferring the power, still, we may gather from the dictum of judges and the opinion of attorneys-general, that it would be held that the president, under some circumstances, would have the inherent executive power to appoint officers, under that provision of the constitution, making it his duty to see the laws faithfully executed.

It is contended by counsel for relator and plaintiff Fisk, that the governor had the power and authority to appoint under that clause in the organic act, making it his duty to see the laws faithfully executed. We may be of the

opinion, that the president would have the power outside of the third clause, section 2, article 2, of the constitution, to appoint, during the recess of the senate, to fill a vacancy occurring in any of the executive offices necessary to carry on the machinery of the executive department of the government. A vacancy might occur in the office of secretary of state, or war, whereby the government would be seriously embarrassed and injured, if the president did not appoint persons to carry on that part of the executive department, and his power to do so might be maintained under the doctrine of *ex necessitate.* We might reason from analogy, that, if a vacancy should occur in the office of secretary of the Territory during the recess of the legislature, and the law as to filling the office was the same as that providing for filling the office in question herein, the governor would have the inherent or incidental executive power to appoint to the vacancy, because the duties pertaining to the secretary's office must be performed, in order to carry on the machinery of the executive department of the government of the Territory. But the office of auditor bears no such relation to the executive department of the Territory. The office of auditor is not created or referred to in the organic act creating the territorial government, in any of its provisions relating to any of its departments or the officers thereof. It is an office created by the legislature of the Territory. The legislative assembly can abolish the office when it chooses, and the executive and other departments of the government of the Territory can go on the same. The auditor has nothing to do with the financial part of the territorial government as regulated by congress. He does not settle or audit the accounts or salaries of the officers of the executive, legislative or judicial department of the Territory, so far as they are paid by the general government.

Being an office created by the legislature of the Territory, the appointment to which comes under that clause of section 7 of the organic act, of officers not therein otherwise provided for, and which the governor is empowered to nominate and, by and with the advice and consent of the legis-

lative council, appoint, we are of opinion that the commission given by the governor to the plaintiff, Fisk, purporting to appoint him to the office of territorial auditor, without the advice and consent of the legislative council, does not confer the right to the possession and emoluments of the said office on said Fisk.

In reply to the queries of counsel, that if the governor has not the power of appointment to fill vacancies during the recess of the legislature, who has, we would say that when the legislative assembly create an office, the appointment to which under the organic act they have the power to control by their advice and consent, the governor having only the right or authority of selecting or nominating, and they enact that a vacancy in the office shall only be filled by the governor and legislative council, it is not the province of the court to legislate for a contingency, or direct how the proper authorities should proceed.

So much of the judgment of the court below as adjudges that the defendant Rodgers is not entitled to hold said office, and that he be ousted from the same, is affirmed, and that part adjudging the respondent Fisk entitled to the possession and enjoyment of the said office, is reversed.

*Judgment affirmed in part and reversed in part.*