[No. 1365.    March 4, 1911.]

TERRITORY OF NEW MEXICO, EX REL. GEORGE
S. KLOCK, Appellant, v. EDWARD A. MANN,
Appellee.

SYLLABUS (BY THE COURT).

1. The Governor of New Mexico is without power to
remove a District Attorney, appointed for a fixed term, before
the expiration of such term. Territory v. Ashenfelter, 4 N.
M. 93, followed.

Appeal from the District Court for Bernalillo County,
before IRA A. ABBOTT, Associate Justice. Reversed.

JULIUS STAAB and SUMMERS BURKHART for Relator
and Appellant.

The congressional construction of the President's
power of removal under the constitution is not applicable
to the governor's powers in that regard under the Organic
Act. Constitution, Article 3, sec. 2; Organic Act; Blake
v. U. S., 103 U. S. 227; McAllister v. U. S., 141 U. S.
174; Parsons v. U. S., 167 U. S. 324; Territory v.
Armijo, 14 N. M. 205; Territory v. Ashenfelter, 4 N.
M. 93; Territory v. Stokes, 2 N. M. 69; Marbury v. Madi-
son, 5 Cranch. 137; U. S. v. Guthrie, 17 How. 284; Latter
Day Saints v. U. S., 136 U. S. 1; First National Bank
v. Yankton, 101 U. S. 129; People v. Field, 3 Ill. 91;
Shurtleff v. U. S., 189 U. S. 313; U. S. v. Perkins,
116 U. S. 483; R. S., sec. 1858; in re Attorney General,
2 N. M. 54.

The Governor of New Mexico has no power under
the laws of the United States to appoint any public officer
in the recess of the legislative council without its con-
currence except to fill a vacancy in a territorial office occas-
ioned by death or resignation. Organic Act, sec. 8; in re
Attorney General, 2 N. M. 54; Broom Legal Maxims,
664; C. L. 1897, sec. 2556; Fiske v. Rogers, 1 Mont.
252; Territory v. Stokes et al, 2 N. M. 67; Mormon
Church v. U. S., 138 U. S. 1; Bank of Yankton, 101 U. S.
133; Shurtleff v. U. S., 189 U. S. 311; Blake v. U. S.,

103 U. S. 227; Parsons v. U. S., 167 U. S. 374; Kendall v. U. S., 12 Peters 524; Ex parte Hennen, 13 Peters 230; Reagan v. U. S., 182 U. S. 419; U. S. v. Perkins, 116 U. S. 483; People v. Healy, 231 Ill. 483; Parsons v. Bred, 104 S. W. 767; Chirsity v. Kingfisher, 76 Pac. 138; Hallgreen v. Campbell, 82 Mich. 260; Price v. Seattle, 81 Pac. 847; People v. Lathrop, 142 N. Y. 313; People v. Robb, 126 N. Y. 180; People v. Hill, 7 Cal. 97; Territory v. Ashenfelter, 4 N. M. 93; Speed v. Common Council, 56 N. W. 570; Todd v. Dunlap, 99 Ky. 449; Throop on Public Officers, secs. 344, 364, 368; Mechem on Public Officers, secs. 454, 445; Keenan v. Perry, 24 Tex. 253; People v. Bissell, 49 Cal. 412; C. L. 1897, secs. 2556, 2580.

The provisions of the Organic Act vesting executive power in the governor and imposing upon him the duty to take care that the laws be faithfully executed do not empower him to employ other than means provided by law in the exercise of that power or the performance of that duty. 29 Cyc. 1368, 1370; 23 A. & E. Enc., 2 ed., 342, 343, 404; in re Attorney General, 2 N. M. 49; Territory v. Stokes, 2 N. M. 63; Territory v. Ashenfelter, 4 N. M. 93; Territory v. Armijo, 14 N. M. 205; Marbury v. Madison, 5 U. S. 137; McAllister v. U. S., 141 U. S. 174; Parsons v. U. S., 167 U. S. 324.

The governor has no right to remove a district attorney under the territorial statutes. Laws 1889, chaps. 56, 144; C. L. 1897, secs. 2852, 2583a, 2580; Laws 1889, chap. 56, sec. 11; Laws 1905, chap. 93; 29 Cyc. 1400; 23 A. & E. Enc. 348; Territory v. Ashenfelter, 4 N. M. 134; U. S. v. Guthrie, 17 Howard 102; Hubbell v. Armijo, 13 N. M. 486.

This is not a proceeding in the nature of a private remedy but one to vindicate a public right. Territory v. Ashenfelter, 4 N. M. 93; Territory v. Albright, 13 N. M. 64; People v. Healy, 231 Ill. 629.

NEILL B. FIELD and E. W. DOBSON for Respondent and Appellee.

This proceeding is in the nature of a private civil

remedy, not one for the vindication of a public right. Albright v. Sandoval, 13 N. M. 64; High Ex. Leg. Rem., secs. 700 ' et seq; Commonwealth v. Cluey, 56 Pa. St. 270.

The doctrine stare decisis can not be invoked by the appellant in this cause. In re Attorney General, 2 N. M. 49; Conklin' v. Cunningham, 7 N. M. 458; Eldodt v. Territory, 10 N. M. 148; Armijo v. Baca, 3 N. M. 490; Conklin v. Cunningham, 7 N. M. 445; Hubbell v. Armijo, 13 N. M. 482; Territory v. Stokes, 2 N. M. 63; People v. Vail, 2 Went.· 12; Asher v. Texas, 128 U. S. 131; Territory v. Ashenfelter, 4 N. M. 124; Albright v. Sandoval, 216 U. S. 343; Territory v. Armijo, 14 N. M. 212; Albright v. Territory, 200 U. S. 9; Sandoval v.· Albright, 13 N. M. 293.

The power of the governor in his sphere of duty is the same as that of the president in his. Territory v. Armijo, 14 N. M. 214; Elliot's Debates, 355; Parsons v. U. S., 167 U. S. 328; 1 Lloyd's Cong. Rep. 350; McCulloch v. Maryland, 4 Wheat. 422; Constitution, art. 4, sec. 3; Am. Ins. Co. v. Canter, 1 Pet. 542; U. S. v. Gratiot, 14 Pet. 537; Gibson v. Chouteau, 13 Wall. 99; Canfield v. U. S., 167 U. S. 525; Dred Scott v. Sanford, 19 How. 432; U. S. v. Guthrie, 17 How. 284; McAllister v. U. S., 141 U. S. 174; U. S. v. Fisher, 109 U. S. 143; Shurtleff v. U. S., 189 U. S. 311.

The power to remove is a necessary incident of the power to appoint. Mormon Church v. U. S., 136 U. S. 44; National Bank v. County of Yankton, 101 U. S. 133; Dash v. Van Kleek, 7 John 508; Spencer v. Levering, 8 Minn. 461; Tilford v. Ramsey, 43 Mo. 419; Black v. U. S., 103 U. S. 227; U. S. v. Corson, 114 U. S. 619; Mimmack v. U. S., 97 U. S. 426; Reagan v. U. S., 182 U. S. 419; Dullan v. Willson, 53 Mich. 392; Page v. Hardin, 8 B. Mon. 648; ' Willard's App., 4 R. I. 597; Com. v. Slifer, 25 Pa. St. 23; State v. Hawkins, 44 Ohio St. 98; Biggs v. McBride, 17 Ore. 640; Ham v. Boston, 142 Mass. 90; Ex parte Hennen, 13 Pet. 230; Parsons v. U. S., 167 U. S. 324; Shurtleff v. U. S., 189 U. S. 313.

The Organic Act did not withhold from the governor

the power to fill vacancies during a recess of the legislature. 17 Stat. at Large 335; 9 Stat. 449, sec. 8; McAllister v. U. S., 141 U. S. 174; Shurtleff v. U. S., 189 U. S. 315; Reagan v. U. S., 182 U. S. 424; Albright v. Sandoval, 216 U. S. 342; Territory v. Albright, 12 N. M. 293; Postmaster General v. Early, 12 Wheat. 148.

The power of the governor to appoint respondent is conferred by express provision of law. C. L. 1897, sec. 2556; Laws 1909, chap. 22; Constitution, art. 2, sec. 2; 9 Fed. Stat. Ann. 50; R. S. U. S., sec. 1769; in re Yancy, 28 Fed. 445; in re Marshalship of Alabama, 20 Fed. 379; in re Farrow, 3 Fed. 112; ex parte Henning, 13 Pet. 230; Parsons v. U. S., 167 U. S. 324; Shurtleff v. U. S., 189 U. S. 314; 2 Watson Const. 975; Territory ex rel Fiske v. Rogers, 1 Mon. 252.

The facts are stated in the opinion.

OPINION OF THE COURT.

POPE, C. J.—The relator, Klock, was appointed and confirmed as District Attorney for the Sixth District Attorney's District on February 18th, 1909, for the term of two years and until his successor be duly appointed and qualified. (L. 1905, C. 33, sec. 2) . On November 18th, 1910, the Governor of the Territory made an order in which, after reciting that the relator's continuance in office "would be a detriment to the territory," it is provided that relator's commission as district attorney be vacated, and that he be removed from said office. An order made on the same day recites that a vacancy exists in the office of district attorney for the Sixth District, and appoints the respondent, Mann, to fill such vacancy. Upon the proper showing, leave was granted to file information in the nature of quo warranto, and, upon the incoming of an answer to the information, judgment was, upon the proper motion, entered pro forma dismissing the information, from which relator has appealed. The record involves but a single question, the right of the Governor to remove. With the latter established, his power to fill the vacancy is clear under C. L. 1897, sec. 2556, providing as follows: "In all cases wherein the governor is or may be authorized by law to make

appointments, by and with the advice and consent of the council, he is hereby authorized to make temporary appointments during the recess of the legislative assembly, to continue until the meeting of the same ;" and under C. L. sec. 2580, which reads as follows: "If any vacancy should occur in the office of any district attorney, the same may be filled by an appointment of a qualified person, by the Governor, to expire on the commencement of the next legislative assembly thereafter." At the threshold we are met by the fact that this court has in Territory v. Ashenfelter, 4 N. M. 93, in terms held against the claim of executive power here asserted. In that case Wade was district attorney under an appointment from the Governor duly consented to by the legislative council; his commission being dated March 11, 1884, and running for two years and until the appointment and qualification of his successor. On October 28, 1885, and thus before the expiration of Wade's term, the Governor appointed Ashenfelter to the same office. It was held by this court that the Governor had no power to appoint the latter, and that Wade was therefore entitled to the office. Some attempt is made to distinguish that case from the present one in the fact that there no order removing Wade was made by the Governor preliminary to the appointment of Ashenfelter, whereas here Klock was in terms removed before the Governor appointed Mann. We fail, however, to find in this any differentiating ground. The appointment of a successor was in effect the removal of the incumbent. Matter of Hennen, 13 Pet. 230; Blake v. United States, 103 U. S. 237. It is clearly immaterial to the legal question involved whether the removal was accomplished by express terms or by implication. The Governor could appoint only in event of a vacancy and in Territory v. Ashenfelter the distinct question was his power to create that vacancy by removal. We have thus a decision of this court rendered over twenty years ago distinctly deciding that the Governor had not the power here claimed. Unless that decision is to be overruled, the relator Klock must prevail. Courts are and should be slow to brush aside as authority decisions which have stood

as the law for decades. This results, of course, not from any pride of opinion for that would be to relegate to a secondary place the right of the matter. Such hesitancy results rather from the right of the public to have principles of law and rules of property once declared adhered to in the interest of certainty. The rule of *stare decisis* has been defined to be a canon of public good and a law of self preservation.    Ellison v. Georgia Railroad Co., 87 Ga. 692.    True, it was said by a great jurist in the case last cited, that where a grave and palpable error widely affecting the administration of justice must either be solemnly sanctioned or repudiated, the maxim which applies is not *stare decisis*, but *Fiat justitia ruat coelum*. But in determining what is the *justitia*, great deference should be paid to what the court has in its previous mature expressions declared to be the law, and the inquiry should be whether such are clearly wrong.    Unless such previous declarations be contrary either to controlling authority elsewhere or repugnant to right, they should stand.    It is contended by respondent's counsel, however, in their very thorough brief and argument that the Ashenfelter case is contrary to both authority and reason.    It is said that it has been doubted in a subsequent case decided in this court, Territory v. Armijo, 14 N. M. 202, and that the premises upon which it proceeds have been shown to be clearly untenable in a number of federal cases decided since the decision.    The cases principally relied upon to the latter effect are McAllister v. United States, 141 U. S. 174; Parsons v. United States, 167 U. S. 324; and Shurtleff v. United States, 189 U. S. 311. It is urged that the cases just cited establish, *first*, that the President has an inherent power flowing from the functions of his office as defined in the constitution to remove all officers appointed by him with the consent of the Senate except such as under the constitution enjoy a life tenure; *second*, that the Governor under the organic act has precisely the same powers as to officers appointed by him by and with the advice and consent of the legislative council; and, *third*, that, therefore, the Governor has the power of removal as to such officers within the territory just as the

President has within the nation at large. This contention has received the careful consideration its importance merits. An examination of the cases cited, however, does not carry us to the result for which respondent contends. In the Armijo case we find nothing from this court doubting the correctness of the Ashenfelter case upon the point here involved. That was a case involving the power of the Governor to remove a county officer elected by the people, and in it this court carefully reserves the question of whether the Ashenfelter case has been disturbed by later federal authority. Turning to the latter class of decisions, the McAllister case involved simply the question of whether a territorial judge in Alaska was "a judge of a court of the United States" so as to be exempt from the power of suspension expressly conferred upon the President as to all civil officers (except such judges) by the tenure of office act. The Supreme Court held that a territorial judge was not within the exception of the statute, and was thus by express act of Congress subject to suspension by the President. This case shows that the executive power of removal was deemed attributable to statute rather than to the constitution. In the Parsons case the court was dealing with the removal by the President of a district attorney appointed under a statute similar in terms to that under which the present relator was named. The court reviewed the history of the exercise by the President of the power of removal and the legislation affecting it, including the Act of May 15, 1820, C. 102, 3 Stat. 582, which expressly made district attorneys removable at pleasure, the implied repeal of this latter act by the first tenure of office act, March 2, 1867, C. 154, 14 Stat. 430, and the repeal of the latter act in 1887. The court held, "in the light of the history of the subject," that the term of office of four years provided for district attorneys was a limitation, and not a fixture of tenure. But the court in that case expressly declined to decide "the question of the constitutional power of the President in his discretion to remove officials during the term for which they were appointed." This is very clearly pointed out by this court, speaking through Associate

Justice Abbott in Territory v. Armijo, supra, where the scope of the Parsons case is discussed to an extent such as to render further comment upon it here unnecessary. We content ourselves with saying that a decision based as was that upon a course of national history and legislation surrounding and peculiar to the exercise of presidential functions furnishes no proper basis upon which to deduce the powers of a governor of a territory. In the case of Shurtleff v. United States, supra, it is true that there are expressions to the effect that the President can by virtue of his general power of appointment remove an officer, even though appointed by and with the advice and consent of the Senate. But the court was there dealing with the case of the appointment of a general appraiser, in which there was no length of tenure designated at all. It was confronted by the alternative that, if the President had no power of removal, the incumbent (subject only to good behavior) held for life. A life tenure for such an officer, placing him upon the same basis as the judicial officers provided for in the constitution, was held by the court to be manifestly not intended by Congress, and it held that his tenure, in the absence of any provision fixing it, was thus necessarily at the pleasure of the President. To a case such as the present, where the tenure is definite, Shurtleff's case can furnish no analogy enabling us to define the powers of the Governor. There being in our judgment nothing in any of the succeeding opinions of this court or of the Supreme Court of the United States necessarily contrary to the holding on this point in the Ashenfelter case, it only remains to determine whether that decision is so palpably contrary to reason and right as to lead to its being set aside at this time. That case in holding that there was no power of removal rejects as untenable the contention that it followed from the duty of the Governor "to take care that the laws be faithfully executed." It considers and adjudges not well taken the attempt made there, as here, to deduce from the President's power a similar authority in the territorial executive. It reviews the authorities on the question raised there, as it is here,

that the right to remove exists as an incident to the power to appoint, and holds that it does not apply where as in this case the tenure of the office is fixed. No reasons have been presented, as there have been no authorities, which constrain us to the view that these conclusions were wrong. The case was well considered. It has stood as the law of this Territory for over twenty years. It was within the power of Congress or the legislature to confer upon the Governor the power of removal in a case such as this. Neither has seen fit to do so. On the contrary, the only legislative action on the subject has been to place such power in the courts rather than in the executive (C. L. sec. 2582, as amended by Chapter 93 of the Laws of 1905.) We are not insensible to the argument that the inability of the Governor to remove may result in unworthy men remaining in office pending the expiration of their terms. The history of this territory since the Ashenfelter case does not, we believe, show this to be practically as great a menace to the public safety as counsel have suggested. But, however that may be, it is, to quote from Territory v. Rodgers, 1 Mont. 252, 256, "not the province of the court to legislate for a contingency." That may well be left to the proper department of the government.

The judgment is reversed.

Mechem and Parker, J. J., dissent.

### SYLLABUS (BY THE COURT).

