[No. 1409.   December 23, 1911.]

THE TERRITORY OF NEW MEXICO Ex Rel. GEORGE S. KLOCK, Appellee, v. EDWARD A. MANN, Appellant.

### SYLLABUS.

1. Where provision is made by statute for an officer to hold over until his successor is duly elected and qualified, the hold-over is regarded as in all respects a de jure officer and the expiration of his term does not produce a vacancy which may be filled by the authority having the power to fill vacancies.

2. There would be no vacancy until such time as the Governor and Legislative Council should unite in an appointment and the previous incumbent of the office, being entitled to hold until such appointment was duly made, would continue in such office unless removed pursuant to law.

3. The writ of ouster does not reinstate the one legally entitled to the office or actually put him in possession thereof, but in the ca·e at bar the decision of the court in the quo warranto proceeding decided that the respondent was not entitled to the office. This left the relator as the de jure officer entitled to the possession and legally qualified to fill the office.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice.   Affirmed.

E. W. DOBSON for Appellant.

District Attorneys are neither county nor territorial officials. Enabling Act, sec. 5; Sutherland on Stat. Con., sec. 232; Hammock v. Loan and Trust Co., 105 U. S. 84; Stephens v. Cherokee Nation, 174 U. S. 480; U. S. v. Railroad Co., 164 U. S. 541; U. S. v. Lacher, 134 U. S. 628; U. S. v. Isham, 17 Wall. 502; Revised Statutes, sec. 1857; Meeden v. Board of Supervisors, 114 Pac. 974; Territory ex rel. Welter v. Witt, 16 N. M. 335.

There was a vacancy in the office when the governor appointed. 144 Pac. 362; C. L. 1897, secs. 2556, 2580, 2582; Albright v. Territory, 13 N. M. 64; Territory ex rel. Klock v. Mann, 16 N. M. 211; Territory v. Ashenfelter, 4 N. M. 93; Laws 1905, chap. 93; ex parte Hennen, 13 Pet. 256; Keenan v. Perry, 24 Tex 253; People v. Bissell, 49 Cal. 412.

SUMMERS BURKHART and JULIUS STAAB for Appellee.

A vacancy is a prerequisite to a legal appointment by the Governor. C. L. 1897, secs. 2556, 2574, 2580; 1 Lewis Suth. Stat. Con., sec. 250; 2 Suth. Stat. Con. 916, 918, 919, 90; Territory ex rel. Klock v. Mann, 16 N. M. 211; Laws 1905, chap. 33, sec. 2; Laws 1909, chap. 22, sec. 1; Enabling Act; 29 Cyc. 1399; Mechem's Public Officers, sec. 126; People v. Edwards, 20 Pac. 831; Territory v. Ashenfelter, 4 N. M. 133; Organic Act; Meeden v. Supervisors etc. 114 Pac. 974, Ariz.; Griffin v. Rhoton, 85 Ark. 89; U. S. v. Mouat, 124 U. S. 303.

## OPINION OF THE COURT.

WRIGHT, J.—The relator, George S. Klock, was appointed District Attorney for the Sixth District Attorney District of New Mexico, on February 18, 1909, by the then Governor of the Territory, and was duly confirmed by the legislative council, as the law required. for the term of two years and until his successor should be appointed and qualified. On November 18, 1910, the present governor made an order which assumed to remove him from office, and on the same day another order

appointing the respondent, Edward A. Mann, District Attorney in his place.     In a decision rendered March 4, 1910, Territory ex rel. Klock v. Mann, 114 Pac. 362, the Supreme Court of the Territory held that the governor had not the power of removal under the circumstances and therefore that the appointment was invalid. Following the judgment and mandate of the Supreme Court in that case, a judgment of ouster was entered in the District Court against the respondent, and the relator, Klock, upon the 24th day of March, 1911, resumed the duties of the office of District Attorney without objection on the part of the respondent, and continued to discharge them until about the 6th day of April, 1911, when the respondent appeared claiming another commission from the governor dated March 29th, 1911, purporting to appoint him to the office and the respondent, having duly qualified on April 6th, 1911, again entered upon the performance of the duties of the office of District Attorney. The relator thereupon brought an information in the nature of a quo warranto, in the name of the Territory, to try the respondent's title to the office.     This matter was heard in the lower court and judgment entered in favor of the relator, holding that he was entitled to the office. A writ of ouster was issued, based upon such holding, and respondent was again put out of the office of District Attorney.     No supersedeas was granted by the lower court and from the judgment in quo warranto the respondent appeals to this court.     Upon the former appeal the court held that the governor was without power to remove a district attorney appointed for a fixed term before the expiration of such term.     In the opinion of the court it is also held, incidentally, that if there had been a vacancy the governor would have had the power to fill it under the provisions of Sections 2556 and 2580 of the Compiled Laws of 1897, which sections are quoted in full in the former opinion.     In the present case, although the two year term for which the relator had been originally appointed had expired prior to the appointment of respondent on March 29, 1911, the relator claims that there was no vacancy in the office of district attorney which the

governor could fill under the provisions of Section 2556 as modified and restricted by the provisions of Section 2580, Compiled Laws 1897, basing his contention upon two distinct grounds. First, that as by the statute of 1905, chapter 33, sec. 2, in force when he was appointed and in effect reenacted in chapter 22, section 1, Laws of 1909, a district attorney holds office for two years and until his successor is appointed (chosen) and qualified there is no vacancy even after the expiration of two years, unless and until the council joins with the governor in the appointment; and, second, that, even if by the statute law of the territory, there would have been a vacancy at the end of the term of two years but for the enactment by Congress of the Enabling Act, approved June 20th, 1910, yet, by that act the relator was continued in office until the proclamation of the President declaring New Mexico to be a state. Section 2, chapter 33, of the Session Laws of 1905, provides for the appointment of district attorneys by the governor by and with the advice and consent of the Legislative Council, and further provides that such district attorneys, when so appointed, "shall hold their office for a period of two years from the date of such appointment and until their successors may be duly appointed and qualified." This same act was re-enacted in practically the same words by the Legislature of 1909. Where provision is made by statute for an officer to hold over until his successor is duly elected and qualified, the holdover is regarded as in all respects a de jure officer and the expiration of his term does not produce a vacancy which may be filled by the authority having the power to fill vacancies. 29 Cyc. 1399; Kinberlin v. The State, 130 Ind. 120; 30 Amer. State Reports 208; State ex rel. Carson v. Harrison, 113 Ind. 441; People v. Tyrrell, 87 Cal. 479. In People v. Whitman, 10 Cal. 38, it was held that, "The term of the office is fixed at two years, certain, with a contingent extension. When this contingency happens this extension is as much a part of the entire term as any portion of the two years." In State ex rel. Carson v. Harrison, cited supra, at page 439, the court in discussing the

meaning of the word "vacancy" uses the following language: "The word vacancy as applied to an office has no technical meaning. An office is not vacant so long as it is supplied in the manner provided by the constitution, or law, with an incumbent who is legally qualified to exercise the power and perform the duties which pertain to it; and, conversely, it is vacant in the eye of the law whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein until the happening of some future event." It is also well settled that the right to hold-over continues until a qualified successor has been elected or appointed by the body electorate; or the appointing power, which by law is entitled to elect or appoint such successor. State ex rel. Carson v. Harrison, cited supra, and cases cited therein. The power of appointment of district attorneys in New Mexico rests jointly in the Governor and Legislative Assembly, except in cases of vacancy in the office. The governor acting alone can only appoint to fill vacancies, which apointments shall expire on the commencement of the next Legislative Assembly thereafter. In the case at bar the relator, having the right to hold-over until a duly elected and qualified successor should demand the office, has the right to the office of district attorney and can hold the same until some qualified person appointed by the governor by and with the advice and consent of the Legislative assembly appears and demands the office. Counsel for the respondent contend that such a view of the law practically ties the hands of the governor and ask what the result would be in event the governor should nominate some one whom the Legislative Council would refuse to confirm. Clearly, there would be no vacancy until such time as the governor and Legislative Council should unite in an appointment and the previous incumbent of the office, being entitled to hold until such appointment was duly made, would continue in such office unless removed pursuant to law. Such being our views upon the first contention advanced by the relator, it is not necessary for us to consider the effect of the Enabling Act of June 10th, 1910, upon the term of office of the relator.

The respondent, in his brief, advances · an ingenious, argument to the effect that since the relator was in actual possession of the office on February 11th, 1911, the date relator's two year term expired, that therefore the office was vacant from the 24th day of March, 1911, the day the writ of ouster unseated the respondent, until the 6th day of April, 1911, the day upon which the relator qualified under his so-called second appointment. This argument is based upon the theory that the ouster of respondent did not reinstate the relator, .and in support of such proposition the respondent cites and relies upon the case of Albright v. The Territory, 13 N. M. 64. It appears to us that the argument advanced by counsel is based upon false premise. It is true that the writ of ouster does not reinstate the one legally entitled to the office or actually put him in possession thereof, and this for the reason that the one legally entitled to such office is not necessarily a party to the proceedings questioning the title of the respondent. In the case at bar, however, the decision of the court in the quo warranto proceedings decided that the respondent was not entitled to the office and in so holding necessarily held the action of the g ·· ernor in attempting to remove the relator as a nullity. This left the relator as the de jure officer entitled to the possession of such office and legally qualified to fill the same. On March 24th, 1911, immediately upon the issuance and service of the writ of ouster, the relator took actual possession of the office and thereupon became a de jure officer in possession of his office and hence there was not, and could not be, any vacancy upon March 29th, the date respondent received his second appointment. 29 Cyc. 1400. There being no error apparent in the record, the judgment of the lower court is affirmed.

Parker and Mechem, J. J., dissent.