626

JOSÉ JULIÁN ACOSTA Y ACOSTA, Petitioner, *v.* DISTRICT
COURT OF BAYAMÓN, Respondent.

No. 8.   Argued May 8, 1944.—Decided May 17, 1944.

*Héctor González Blanes* and *Rafael A. González* for petitioner.   *Jesús
A. González, Acting Attorney General,* and *Fernando B. Fornaris,
Deputy Attorney General,* for interveners, defendants in the main
action.

MR. CHIEF. JUSTICE TRAVIESO delivered the opinion of the
court.

Act No. 57 of April 28, 1930 (Laws of 1930, p. 144), un-
der which the District Court for the Judicial District of Ba-
yamón was created, provides:

"Section 2. The Governor of Porto Rico, with the advice and
consent of the Insular Senate, shall appoint *for a term of four years,
and until their successors shall·have been appointed,* the following
officers for said Court:

⠀⠀⠀⠀·⠀⠀⠀⠀·⠀⠀⠀⠀·⠀⠀⠀⠀·⠀⠀⠀⠀·⠀⠀⠀⠀·

A district prosecuting attorney, at an annual salary of $3,850."
(Italics ours.)

Pursuant to the provisions of this Act, on February 3, 1939, the Governor of Puerto Rico, while the Senate was in recess, appointed petitioner, José Julián Acosta, to fill the vacant office of Prosecuting Attorney of the District Court of Bayamón. On April 8, 1939, the Governor submitted to the Senate for its confirmation the appointment of the petitioner for said office for the statutory period, and the Senate confirmed the appointment on the 15th of the same month and year. On April 24, 1939, the petitioner was commissioned and on the 26th he qualified, filling and discharging said office uninterruptedly until the occurrence of the facts which we shall state presently.

On April 10, 1944, the Governor of Puerto Rico sent petitioner's appointment to be confirmed by the Senate for a new term as Prosecuting Attorney of the District Court of Bayamón. On the 15th of the same month the Senate refused to confirm the appointment made by the Governor on behalf of petitioner.

The petitioner continued in the discharge of his duties as Prosecuting Attorney for the Judicial District of Bayamón until April 18, 1944, when upon appearing before the court as representative of The People of Puerto Rico for the cases set for that day, he was informed by respondent Attorney José N. Rivera Barreras that the Attorney General had appointed him to act as Special District Attorney of the District of Bayamón, in substitution of petitioner. The latter objected to respondent being allowed to act as special district attorney, but the court overruled his objection and refused to protect petitioner in his title to his office. From that date petitioner has been unable to discharge the duties of his office due to Rivera Barreras' intervention.

On May 1, 1944, petitioner filed a petition for injunction in the District Court of Bayamón wherein he alleged the facts already set forth, and prayed for a restraining order against Rivera Barreras and the Acting Attorney

General enjoining them from interfering with petitioner or depriving him from holding his office of district attorney. He also prayed for a preliminary injunction to maintain his status quo until the court had an opportunity to pass on the merits of the case.

Upon a dismisal of the petition for the restraining order, the petitioner, pursuant to Act No. 32 of May 3, 1943, instituted this certiorari proceeding and also sought a writ of injunction in aid of our jurisdiction over the controversy involved. Since this controversy is of high public interest and novel to this jurisdiction, we issued the writ of certiorari and an order to show cause why the writ of injunction in aid of our jurisdiction should not be issued, which we set for hearing on the 8th instant.

Petitioner maintains that since he was appointed for the post of District Attorney of Bayamón for a period of four years and until his successor is appointed, he has a right to continue holding said office and the duty to act in that capacity, until the Governor, with the advice and consent of the Senate, shall appoint his successor; that as the period for which petitioner was appointed has not expired, since his successor has not been chosen, the Attorney General is not authorized to appoint a special district attorney, inasmuch as the office of District Attorney of Bayamón is not vacant; and, lastly, that the respondent Rivera Barreras is holding said office illegally.

In opposition to petitioner's contention, the respondents maintain that the office of district attorney which petitioner was holding, became vacant on April 15, 1944, when the Senate refused to confirm the nomination made by the Governor in favor of petitioner for a new term; and from the very moment that said vacancy existed, the Attorney General was authorized to appoint a special district attorney, pursuant to the provisions of §1 of Act No. 20 of May 29, 1925 (Laws of 1925, p. 144), whereby "The Attorney General is author-

ized to designate any of his assistants or delegates to act as special prosecuting attorneys in the insular courts, in those cases where the needs of the service require it, either because of the death, absence, inhibition, resignation or leave of absence of any prosecuting attorney, or when excess or accumulation of work in the office of any prosecuting attorney in the Island so warrants."

From the conflict between both theories there arises only one legal question, which we must now consider and decide. It is this: Did a vacancy exist on April 18, 1944, which could be filled by the Attorney General of Puerto Rico, by appointing a special district attorney, pursuant to the provisions of said Act No. 20 of May 29, 1925, or by the Governor of Puerto Rico by making a recess appointment?

In support of his alleged right to continue holding said office until his successor is duly appointed, the petitioner has relied on the case of *González* v. *District Court*, 62 P.R.R. 152, which, among others decided in this jurisdiction, seems to be the only one opposite to the case at bar. It seems advisable, therefore, to sum up the decision in said case.

Rafael A. González was appointed to the office of Municipal Judge of San Juan, for a fixed period of four years, which expired on April 25, 1943, while the Senate was in recess. During this recess, the Governor appointed Manuel Orraca Torres for the same office. The question involved was whether upon the expiration of González's term a vacancy automatically resulted which could be filled by the Governor by a recess appointment. We held, that since the term fixed by the statute (§1176, Comp. Rev. Stat. of 1911, p. 247) for municipal judges is four years, in the absence of the additional clause to the effect that after his four-year period has expired, the incumbent shall continue to hold over, until his successor is appointed, the office of municipal judge which was filled by González, became vacant on April

25, 1943; and from that date the Governor was authorized to issue a recess appointment as he did in favor of Orraca.

In our opinion rendered in the *González* case, after citing various cases wherein the statute or the Constitution construed contained the holding-over clause, we said: .

". . . We unhesitatingly agree that under those circumstances 'the holdover period is a part of the term of office and the incumbent is a de jure officer' (*Attorney General ex rel. McKenzie* v. *Warner*, 300 N. W. 63 (Mich., 1941)), and that 'The right to hold over under this provision is as much a part of the tenure of office as the regular period fixed by the statute.' (*People ex rel. Warrent et al.* v. *Christian et al., Supra*). To the same effect, *Territory ex rel. Klock* v. *Mann*, 120 Pac. 313, 15 (N. M., 1911). That is to say, in those cases the Legislature, foreseeing that terms of some officials would expire while the Senate was in recess, provided by specific statutory mandate for extension of such terms until their successors had been appointed with the advice and consent of the Senate. There can therefore be no quarrel with the theory that an official serving under such a statute is holding over with legal title to his office, and that consequently no vacancy in the office in question exists. It is evident that such a statute has two purposes: (1) to retain at all times in office a man who was appointed with the advice and consent of the Senate, including the period after his term has expired, until the Senate can meet and join the Governor in reappointing him or selecting his successor; (2) to prevent vacancies which the law abhors because they disrupt continuity of administration of public office."

If we apply in the instant case the doctrine laid down in the decision cited, we are bound to reach the conclusion that since the petitioner was appointed by the Governor with the advice and consent of the Senate, "for a period of four years, and until his successor is appointed," petitioner's term has not yet expired, and shall not expire until his successor has been appointed by the Governor, with the advice and consent of the Senate and qualified. Likewise we feel bound to hold that the Attorney General of Puerto Rico lacked legal authority to appoint, as he did appoint, on April 18, 1944, respondent José N. Rivera Barreras, to fill

the office of acting prosecuting attorney of Bayamón, since at that time there was no vacancy in the office of District Attorney of Bayamón, it being held by petitioner as district attorney *de jure* of said judicial district.

Before closing this opinion we shall pass upon and dispose of two contentions insistently brought up by the respondents in the oral discussion of the case.

In the first place it is alleged that the statute creating the office in question, when fixing "a term of four years, and until his successor shall have been appointed," does not mean that in order that the appointment of his successor be legal, it has to be approved or confirmed by the Senate.

In contradiction to such contention what first comes to our mind is that we know of no law, and none has been cited to us, which authorizes the Attorney General to fill the vacancy of a prosecuting attorney when the latter's term has expired. The Governor alone may issue said appointment, whenever the vacancy exists for any reason: (1) by making a recess appointment, pursuant to §26 of the Organic Act, which shall be effective until it is disapproved by the Senate or until the next adjournment of the Senate for the session; or (2) by sending to the Senate the name of the successor, who shall fill the office for a term fixed by the *statute,* which appointment shall not be effective until it has been confirmed by the Senate. While the condition which may put an end to the term of his office does not arise, that is, the appointment of his succesor, the district attorney who was appointed by the Governor with the consent of the Senate, as was petitioner herein, is entitled to holdover, as an officer *de jure.*

In the instant case, the Governor, undoubtedly considering that the petitioner was entitled to holdover until his successor is duly appointed, selected or appointed petitioner himself for a new term. Said appointment was never effective because the consent of the Senate was lacking, and there-

fore we must hold, according to the facts admitted by the parties, that petitioner's successor in the office of District Attorney of Bayamón has not been legally appointed.

Groundless too is respondents' contention that the legal effect of the Senate's refusal to confirm the appointment made by the Governor in favor of petitioner was to put an end to petitioner's term, thereby creating a vacancy in the office of District Attorney for the Judicial District of Bayamón.

It was the intention of the Legislature, as clearly expressed in the act creating the office of District Attorney of Bayamón, that the person appointed by the Governor with the advice and consent of the Senate, shall have the right and duty to fill said office for a four-year period; and since it was likewise its intention that the office should not be vacant after the expiration of the four years, it provided that the incumbent should continue to hold over until his successor shall have been appointed. And said successor may only be appointed by the Governor with the advice and consent of the Senate.

The Senate, in fulfilling its executive authority to confirm or reject the appointments submitted by the Government, is not empowered to shorten or extend the statutory term of any particular office. The only action that the Senate may take on an appointment made by the Governor, either in favor of the same officer as holding over, or of a new candidate, is to grant or refuse its consent. The refusal of the Senate in the instant case may only be construed as an expression of its desire that José Julián Acosta should not fill said office for another four-year term. Such refusal of the Senate does not have the legal effect of shortening or cancelling the incumbent's term, for that would be tantamount to acknowledging that the Senate has the legislative power of fixing or altering the statutory terms of public officers,

which power is conferred by the Organic Act to the Legislative Assembly of Puerto Rico and not to one of its Houses alone.

In the case at bar we would be acting contrary to law and reason if we overlooked the tendency to put an end to petitioner's right to hold and fulfill his office until the Governor and the Senate, by mutual agreement, appoint his successor.

The lower court erred in discharging the preliminary writ of injunction and in refusing to protect petitioner's title to his post. *Heyward* v. *Long*, 178 S. C. 351, 183 S. E. 145.

The judgment appealed from must be reversed and the case remanded to the lower court with instructions to issue the proper writ of injunction and for further proceedings not inconsistent with this opinion.