José Julián Acosta y Acosta, peticionario, *v.* Corte de Distrito de Bayamón, Hon. José Calderón, Juez, demandada.

Núm. 8.—*Sometido:* Mayo 8, 1944. *Resuelto:* Mayo 17, 1944.

*Héctor González Blanes y Rafael A. González,* abogados del peticionario; *Hon. Procurador General Interino Jesús A. González y Fernando B. Fornaris, Procurador General Auxiliar,* abogados del demandado y de los interventores, los demandados en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La Ley núm. 57, aprobada el 28 de abril de 1930 (pág. 415), por la cual se creó la Corte de Distrito del Distrito Judicial de Bayamón, dispone:

"Sección 2.—El Gobernador de Puerto Rico, con el consejo y consentimiento del Senado Insular, nombrará *por un período de cuatro años, y hasta que sus sucesores fueren designados,* los siguientes funcionarios para dicha Corte: .

Un fiscal de distrito con un sueldo anual de $3,850." (Bastardillas nuestras).

De acuerdo con lo dispuesto en dicha ley, el Gobernador de Puerto Rico, en febrero 3 de 1939, durante el receso del Senado, nombró al peticionario José Julián Acosta para el cargo vacante de fiscal de la Corte de Distrito de Bayamón. En abril 8 de 1939 el Gobernador sometió al Senado, para su confirmación, el nombramiento del peticionario para el mismo cargo por el período fijado por la ley, y el Senado confirmó el nombramiento el día 15 del mismo mes y año. El 24 de abril, 1939, le fué expedido al peticionario el certificado oficial de su nombramiento, y el 26 prestó juramento y tomó posesión de su cargo, el que ha venido ocupando y desempeñando sin interrupción hasta que ocurrieron los hechos que pasamos a relatar.

El 10 de abril de 1944, el Gobernador de Puerto Rico envió al Senado para su confirmación el nombramiento del peticionario para un nuevo término como fiscal de la Corte de Distrito de Bayamón. El 15 del mismo mes el Senado se negó a confirmar la designación hecha por el Gobernador a ·favor ·del peticionario.

Continuó el peticionario en el desempeño de sus deberes como fiscal del distrito judicial de Bayamón hasta el 18 de abril de 1944, cuando al comparecer ante la corte a representar a El Pueblo de Puerto Rico en las causas señaladas para ese día, fué informado por el ·demandado Lic. José N. Rivera Barreras que el Procurador General le había nombrado para que actuara como fiscal en comisión para el distrito de Bayamón, en sustitución del peticionario. Se opuso éste a que se le permitiera al demandado actuar como fiscal en comisión, pero la corte desestimó la oposición y se negó a amparar al peticionario en la posesión de su cargo. Desde esa fecha el peticionario no ha podido desempeñar las funciones de su cargo por impedírselo el demandado Rivera Barreras.

En mayo 1 de 1944, el peticionario radicó ante la Corte de Distrtio de Bayamón una petición de *injunction,* en la que después de alegar los hechos que ya hemos expuesto, solicitó que se expidiese una orden ·de entredicho contra Rivera Barreras y el Procurador General Interino prohibiéndoles que perturben al peticionario o le priven de la posesión de su cargo de fiscal. Se solicitaba también una orden de injunction preliminar para mantener el *statu quo* hasta que la corte tuviese oportunidad de conocer del caso en sus méritos.

Declarada sin lugar la petición ·de entredicho, el peticionario, amparándose en las disposiciones de la Ley núm. 32 de mayo 3 de 1943, instó el presente recurso de *certiorari,* acompañando a la petición otra en la que solicita la expedición de un auto de injunction en auxilio de nuestra jurisdicción sobre la cuestión en controversia. Por tratarse de una cuestión ·de gran interés público y nueva en esta jurisdicción,

expedimos el auto de *certiorari* solicitado y una orden para mostrar causas por las cuales no deba expedirse el auto de injunction en auxilio de nuestra jurisdicción, señalándose el día 8 del corriente para la vista de ambos recursos.

Sostiene el peticionario que habiendo sido nombrado para el cargo de fiscal de Bayamón por un período de cuatro años y hasta que su sucesor fuere designado, él tiene derecho a permanecer en la posesión de dicho cargo y el deber de desempeñar las funciones del mismo, hasta que el Gobernador, con el consejo y consentimiento del Senado, designe a su sucesor; que no habiendo expirado el término para el cual fué nombrado el peticionario, por no haberse designado aún su sucesor, el Procurador General no está facultado para nombrar un fiscal en comisión, toda vez que el cargo de fiscal de Bayamón no está vacante; y, por último, que el querellado Rivera Barreras está ocupando ilegalmente dicho cargo.

En oposición a la contención del peticionario, sostienen los querellados que el cargo de fiscal que ocupaba el peticionario quedó vacante el día 15 de abril de 1944, fecha en que el Senado Insular se negó a confirmar la designación hecha por el Gobernador a favor del peticionario para un nuevo término; y que desde el momento en que quedó vacante dicho cargo, el Procurador General tenía facultad para nombrar un fiscal en comisión, de acuerdo con lo dispuesto por la sección 1 de la Ley núm. 20 de 29 de mayo de 1925 (pág. 145), por virtud de la cual "se autoriza al Attorney General para designar a cualesquiera de sus assistants o auxiliares, o de sus delegados, para actuar ante las cortes insulares como fiscales especiales en aquellos casos en que las necesidades del servicio así lo requieran, bien por muerte, ausencia, inhibición, renuncia o licencia de un fiscal, o cuando el exceso o aglomeración de trabajo en cualquiera fiscalía de la isla así lo justificare".

Del conflicto entre una y otra teorías surge una sola cuestión legal, que es la que nos toca considerar y resolver.

Es la siguiente: ¿Existía en abril 18 de 1944 una vacante que pudiera ser cubierta por el Procurador General de Puerto Rico, mediante el nombramiento de un fiscal especial, a tenor de lo dispuesto en la citada Ley núm. 20 de mayo 29 de 1925 o por el Gobernador de Puerto Rico, mediante un nombramiento de receso?

El peticionario ha citado en apoyo de su alegado derecho a permanecer en el cargo hasta que su sucesor sea debidamente designado, nuestra decisión en el caso de *González* v. *Corte*, 62 D.P.R. 160, que parece ser, entre los resueltos en esta jurisdicción, el único que puede considerarse como aplicable al de autos. Conviene, pues, que hagamos una síntesis de dicha decisión.

Rafael A. González fué nombrado para el cargo de Juez Municipal de San Juan, por un término fijo de cuatro años, el cual expiró el 25 de abril de 1943, estando el Senado en receso. Durante ese receso, el Gobernador nombró a Manuel Orraca Torres para el mismo cargo. La cuestión que se planteó fué la de si al expirar el término de González surgió automáticamente una vacante que pudiera ser cubierta por el Gobernador mediante un nombramiento de receso. Resolvimos, que siendo el término fijado por el estatuto (Art. 1176, Estatutos Rev. de 1911, p. 266) para los jueces municipales, el de cuatro años, sin la cláusula adicional dispositiva de que al expirar ese período de cuatro años el incumbente continuaría en el cargo, *holding over*, hasta que su sucesor fuere designado, el cargo de Juez Municipal que ocupaba González quedó vacante el 25 de abril de 1943; y que desde esa fecha el Gobernador estaba autorizado para hacer un nombramiento de receso como el que hiciera a favor de Orraca.

En la opinión que emitimos en el caso de *González*, después de citar numerosos casos en los que el estatuto o Constitución que se interpretaba contenía la cláusula de holding over, dijimos:

"Convenimos sin vacilación en que bajo tales circunstancias 'el' período de *holding over* es parte del término del cargo y el incumbente es un funcionario de *jure.*' (*Attorney General ex rel. Mc-Kenzie* v. *Warner*, 300 N. W. 63 (Mich., 1941)), y que 'El derecho de actuar *holding over* bajo esta disposición es tan parte del término del cargo como el mismo período regular fijado por estatuto'. (*People ex rel. Warren et al.* v. *Christian et al.*, supra). Al mismo efecto, *Territory ex rel. Klock* v. *Mann*, 120 Pac. 313, 15 (N. M., 1911). Es decir, en dichos casos la Legislatura, previendo que los términos de algunos funcionarios expirarían mientras el Senado está en receso, dispuso por mandato estatutario específico que se prorrogaran dichos términos hasta que sus sucesores fueran nombrados con el consejo y consentimiento del Senado. Por tanto, no puede haber disputa alguna en cuanto a la teoría de que un funcionario que actúa bajo un estatuto de esta naturaleza está actuando *holding over* con título legal al cargo y que en su consecuencia no existe vacante en dicho cargo. Es evidente que el estatuto tiene dos propósitos: (1) retener en todo momento en el cargo a una persona que ha sido nombrada con el consejo y consentimiento del Senado, incluyendo el período después de que su término ha expirado, hasta que el Senado pueda reunirse y concurrir con el Gobernador en volverlo a nombrar o elegir su sucesor; (2) evitar vacantes que la ley aborrece, toda vez que entorpecen la continuación de la administración de los asuntos públicos.''

Si aplicamos la doctrina establecida por la jurisprudencia citada, a los hechos del presente caso, tendremos que llegar a la conclusión de que habiendo sido nombrado el peticionario por el Gobernador con el consejo y consentimiento del Senado, "por un período de cuatro años, y hasta que su sucesor fuere designado", el término del peticionario no ha expirado aún y no expirará hasta que su sucesor haya sido nombrado por el Gobernador, con el consejo y consentimiento del Senado y haya tomado posesión de su cargo. Y en consecuencia tendremos que resolver que el Attorney General de Puerto Rico, al nombrar como nombró en abril 18 de 1944 al querellado José N. Rivera Barreras, para el cargo de fiscal interino de Bayamón, actuó sin autoridad legal para ello, toda vez que en la indicada fecha no existía vacante alguna

en la fiscalía de Bayamón, la cual estaba ocupada por el peticionario como fiscal *de jure* de dicho distrito judicial.

Antes de terminar esta opinión, debemos considerar y disponer de dos contenciones de los querellados, enfática y repetidamente sostenidas en la argumentación oral del caso.

Se arguye, en primer término, que el estatuto creador del cargo en controversia al fijarle "un período de cuatro años y hasta que su sucesor fuere designado", no implica el que la designación del sucesor tenga que ser aprobada o confirmada por el Senado, antes de que pueda tener efecto legal alguno.

Lo primero que se nos ocurre en oposición a dicha contención es que no conocemos ni se ha sometido a nuestra consideración ley alguna que autorice al Attorney General a cubrir la vacante de un fiscal cuando el término de éste ha expirado. La designación sólo puede ser hecha por el Gobernador, siempre que el cargo estuviere vacante por cualquier causa: (1) haciendo un nombramiento de receso, de acuerdo con la sección 26 de la Ley Orgánica, para tener efectividad hasta que sea desaprobado por el Senado o hasta que éste declare terminado su próximo término de sesiones; o (2) sometiendo al Senado el nombre del sucesor, para ocupar el cargo por el período fijado por la ley, en cuyo caso el nombramiento no tendrá efectividad hasta que haya sido aprobado por el Senado. Mientras no ocurra el suceso que ha de poner fin al término de su cargo—la designación de su sucesor—el fiscal que fué nombrado como lo fué el peticionario por el Gobernador con el consentimiento del Senado, tiene derecho a continuar en el desempeño del cargo, como funcionario de jure.

En el presente caso, el Gobernador, teniendo sin duda en cuenta que el peticionario tiene derecho a permanecer en su cargo hasta que su sucesor sea debidamente designado, designó o nombró al propio peticionario para un nuevo término.

Esa designación nunca llegó a tener efectividad por haber faltado la concurrencia del Senado, y por tanto debemos resolver que de acuerdo con los hechos admitidos por las partes, el sucesor del peticionario en la fiscalía de Bayamón no ha sido aún legalmente designado.

Carece igualmente de méritos la contención de los querellados de que el efecto legal de la negativa del Senado a confirmar la designación hecha por el Gobernador a favor del peticionario fué poner fin al término del peticionario, quedando desde ese momento vacante el cargo de fiscal del distrito judicial de Bayamón.

La intención legislativa, claramente expresada en la ley creadora del cargo de fiscal de Bayamón, es que la persona nombrada por el Gobernador con el consejo y consentimiento del Senado, tendrá el derecho y el deber de ocupar dicho cargo por un período de cuatro años; y no queriendo el legislador que el puesto quede vacante al expirar los cuatro años, dispuso que el incumbente deberá continuar en el puesto hasta que su sucesor sea nombrado. Y ese sucesor sólo puede ser nombrado por el Gobernador con el consejo y consentimiento del Senado.

El Senado, en el desempeño de su función ejecutiva de confirmar ó desaprobar los nombramientos propuestos por el Gobernador, no está facultado ni para acortar ni para prorrogar el término legal de un cargo determinado. Lo único que puede hacer el Senado cuando el Gobernador le somete un nombramiento, ya sea éste a favor del mismo funcionario que lo ocupa en calidad de *holding over* o de un nuevo candidato, es otorgar o negar su consentimiento. La negativa del Senado en el presente caso sólo puede ser interpretada como una expresión de su deseo de que José Julián Acosta no ocupe el cargo por un nuevo término de cuatro años. Esa negativa del Senado no puede tener el efecto legal de acortar o cancelar el término del incumbente, pues ello equivaldría a reconocer al Senado la facultad legislativa de fijar o alterar

los términos legales de los cargos públicos, facultad otorgada por la Ley Orgánica a la Asamblea Legislativa de Puerto Rico y no a una sola de sus dos cámaras.

En el presente caso actuaríamos en contra de la ley y de la lógica si cerráramos los ojos ante la tentativa de dar por terminado el derecho del peticionario a ocupar y desempeñar su cargo hasta que el Gobernador y el Senado, actuando de acuerdo, designen a su sucesor.

Erró la corte inferior al declarar sin lugar la solicitud de injunction preliminar y al negarse a amparar al peticionario en la posesión y disfrute de su cargo. *Heyward* v. *Long,* 178 S. C. 351, 183 S. E. 145.

*La resolución recurrida debe ser revocada y el caso devuelto a la corte inferior con instrucciones de dictar la orden de injunction correspondiente y de seguir los procedimientos ulteriores de conformidad con esta opinión.*