ARTURO BETANCOURT MORALES, apelado, *v.* HONORABLE GO-BERNADOR DE PUERTO RICO, ETC., apelantes.

*Número:* CE-86-826          *Resuelto:* 23 de diciembre de 1986

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Sub-Procuradora General, Lorenzo Vilanova Alfonso, Procurador General Auxiliar,* abogados de los apelantes; *Carlos A. López Lay,* de *López Lay & Vizcarra,* abogado del apelado.

## RESOLUCIÓN

A la solicitud en auxilio de jurisdicción, no ha lugar.

Se acepta la apelación por presentar la misma una cuestión constitucional sustancial. Por razón de la importancia y urgencia del planteamiento y exponiendo el recurso una cuestión estrictamente de derecho, se acortan los términos para someter alegatos y se le ordena a las partes que radiquen sus alegatos simultáneamente dentro de los quince (15) días siguientes a la notificación de esta resolución.

Lo acordó el Tribunal y certifica el Secretario General. El Juez Asociado Señor Negrón García emitió voto concurrente y disidente. El Juez Asociado Señor Rebollo López y la Juez Asociada Señora Naveira de Rodón no intervinieron. El Juez Asociado Señor Peter Ortiz se inhibió.

(*Fdo.*) Bruno Cortés Trigo
*Secretario General*

—O—

Voto concurrente y disidente del Juez Asociado Señor Negrón García.

Carece de sustancialidad la presente apelación. Emulando las diligencias desplegadas [1] por el Tribunal Superior, Sala de San Juan (Arnaldo López Rodríguez, J.), con el mismo espíritu vindicador —en aras de evitar que se conculquen los derechos del fiscal Arturo Betancourt Morales, se tornen académicas las prerrogativas de su cargo, y se cree indebidamente uno de facto, donde válidamente existe uno de jure, *Gilormini* v. *Sucn. Padilla*, 63 D.P.R. 604, 605 (1944)— concurrimos con la negativa a paralizar en auxilio de jurisdicción. Sin embargo, dictaríamos inmediatamente sentencia que confirmara la del foro de instancia de 15 de diciembre de 1986. En síntesis la misma declaró "nulo y sin validez legal alguna el nombramiento de *receso* extendido al Lic. Emilio Motta Malavé para sustituir en el cargo de Fiscal Auxiliar del Tribunal Superior" al licenciado Betancourt Morales.

La apelación del Procurador General fundada en que el Primer Ejecutivo del país puede unilateralmente —estando en receso el Senado— sustituir a un funcionario cobijado por una *cláusula de continuidad* —preceptiva de que su término e incumbencia serán hasta que su sucesor tome válidamente posesión del cargo (*holding over*)— a nuestro juicio es contraria a la doctrina prevaleciente y no encuentra apoyo en el legajo de la Asamblea Constituyente y la Constitución. Nos explicamos.

## I

Subsiste la norma preconstitucional, avalada por este foro desde *González* v. *Corte*, 62 D.P.R. 160, 163 (1943). Allí al comenzar a explorar sus contornos dijimos:

---

[1] Sobre estos extremos dicho foro tomó en cuenta "las limitaciones de tiempo con que contamos y toda vez que este nombramiento de receso tiene vigencia el día de mañana [16 de diciembre de 1986]".

Parece que no hay lugar a desacuerdo en cuanto a ciertas consideraciones preliminares de derecho. Al posponer temporalmente la discusión del posible efecto del artículo 169 del Código Político, encontramos a las autoridades que sostienen casi unánimemente que el vencimiento de un término fijo en un cargo, por sí solo, no impide que el incumbente siga *holding over*, desempeñando los deberes y recibiendo el sueldo de dicho cargo, aun en ausencia de la cláusula familiar que frecuentemente se añade a las disposiciones estatutarias y constitucionales que fijan los términos de los cargos; es decir, que el término será por un período fijo "y hasta que su sucesor sea nombrado y calificado". En verdad, los casos resuelven que, a pesar de la ausencia de dicha cláusula, tal funcionario público no solamente tiene el derecho, si que es su deber, continuar actuando en tal capacidad. *Los casos se fundan en la doctrina de que la ley aborrece las vacantes que podrían muy bien entorpecer importantes servicios públicos. Para impedir un paro en las actividades gubernamentales mientras se hacen nuevos nombramientos o renominaciones,* las cortes, con raras excepciones, han declarado válidas por tanto las actuaciones realizadas durante dicho interregno por funcionarios *holding over* sin autoridad expresa estatutaria o constitucional para ello. (Énfasis suplido.)

Subsiguientemente, en *Acosta* v. *Corte*, 63 D.P.R. 651, 657 (1944), ratificamos con mayor precisión la sabiduría y dinámica que encierra la "cláusula de continuidad": (²)

---

(²) Expresamos además:

"En la opinión que emitimos en el caso de *González*, después de citar numerosos casos en los que el estatuto o Constitución que se interpretaba contenía la cláusula de *holding over*, dijimos:

" 'Convenimos sin vacilación en que bajo tales circunstancias "el período de *holding over es parte del término del cargo y el incumbente es un funcionario de jure*." (*Attorney General ex rel. McKenzie* v. *Warner*, 300 N.W. 63 (Mich., 1941)), y que "el derecho de actuar *holding over* bajo esta disposición es tan parte del término del cargo como el mismo período regular fijado por estatuto". (*People ex rel. Warren et al.* v. *Christian et al.*, supra). Al mismo efecto, *Territory ex rel. Klock* v. *Mann*, 120 Pac. 313, 15 (N.M., 1911). *Es decir, en dichos casos la Legislatura, previendo que los términos de algunos funcionarios expirarían mientras el Senado está en receso, dispuso por mandato estatutario específico que se prorrogaran dichos términos*

La designación sólo puede ser hecha por el Gobernador, *siempre que el cargo estuviere vacante por cualquier causa*: (1) haciendo un nombramiento de receso, de acuerdo con la sección 26 de la Ley Orgánica, para tener efectividad hasta que sea desaprobado por el Senado o hasta que éste declare terminado su próximo término de sesiones; o (2) *sometiendo al Senado el nombre del sucesor, para ocupar el cargo por el período fijado por la ley,* en cuyo caso el nombramiento *no tendrá* efectividad hasta que haya sido aprobado por el Senado. Mientras no ocurra el suceso que ha de poner fin al término de su cargo —la designación de su sucesor— el fiscal que fué nombrado como lo fué el peticionario por el Gobernador con el consentimiento del Senado, tiene derecho a continuar en el desempeño del cargo, como funcionario de jure. (Énfasis suplido.)

Y finalmente, en *Fernández v. Corte*, 71 D.P.R. 161, 178 (1950), de forma clara y terminante reafirmamos este enfoque al resolver la improcedencia de "un nombramiento de receso . . . porque no exist[ió] vacante alguna en el cargo permanente".

## II

Para superar esta jurisprudencia el Estado aduce que la Constitución cambió toda su orientación. Basa su análisis en un pasaje de un diálogo entre dos miembros de la Asamblea

---

*hasta que sus sucesores fueran nombrados con el consejo y consentimiento del Senado.* Por tanto, *no puede haber disputa* alguna en cuanto a la teoría de que un funcionario que actúa bajo un estatuto de esta naturaleza está actuando *holding over* con título legal al cargo y que en su consecuencia *no existe vacante en dicho cargo.* Es evidente que el estatuto tiene dos propósitos: (1) retener en todo momento en el cargo a una persona que ha sido nombrada con el consejo y consentimiento del Senado, incluyendo el período después de que el término ha expirado, *hasta que el Senado pueda reunirse y concurrir con el Gobernador en volverlo a nombrar o elegir su sucesor;* (2) *evitar vacantes* que la ley aborrece, toda vez que entorpecen la continuación de la administración de los asuntos públicos.' " (Énfasis suplido.) *Acosta v. Corte*, 63 D.P.R. 651, 655–656 (1944).

Constituyente, y nos cita la Sec. 4 del Art. IV de la Constitución (³) que faculta al Gobernador:

> *Nombrar, en la forma que se disponga por esta Constitución o por ley,* a todos los funcionarios para cuyo nombramiento esté facultado. *El Gobernador podrá hacer nombramientos cuando la Asamblea Legislativa no esté en sesión.* Todo nombramiento que requiera el consejo y consentimiento del Senado o de ambas Cámaras quedará sin efecto al levantarse la siguiente sesión ordinaria. (Énfasis nuestro.)

Con vista a estas expresiones y texto constitucional, concluye el Estado que es "claro que la Constitución del Estado Libre Asociado confiere al Gobernador la facultad de extender nombramientos de receso a *todo* funcionario cuyo nombramiento requiera el consejo y consentimiento del Senado o de ambas cámaras, independientemente [de] que haya un incumbente con el término vencido. También es claro que ninguna ley aprobada por la Asamblea Legislativa puede menoscabar esta facultad del Poder Ejecutivo. La única interpretación congruente y compatible con la constitucionalidad del Art. 3 de la Ley Núm. 23 [3 L.P.R.A. sec. 93], es que éste no restringe la facultad del Gobernador para extender nombramientos de receso". (Énfasis en el original.) No tiene razón. El análisis es limitado. No toma en consideración toda la mecánica y justo balance que conlleva el proceso de nombramien-

---

(³)"SR. QUIÑONES: Asumiendo, naturalmente, la aprobación de esta enmienda, ¿cuál sería la situación en cuanto al incumbente nombrado durante el receso del Senado o de la Asamblea Legislativa, o sea, cuando ni el Senado ni la Asamblea Legislativa estén en sesión? *El incumbente en ese caso—nombramiento de receso, nombramiento mientras no está en sesión el Senado ni lo está la Asamblea Legislativa—¿el incumbente en ese caso podría tomar posesión de su cargo?*

"SR. GUTIÉRREZ FRANQUI: *Sí, señor.*

"SR. QUIÑONES: Y en el caso en que el nombramiento se haga durante la sesión, bien del Senado, bien de la Asamblea Legislativa, ¿podría el incumbente tomar posesión de su cargo?

"SR. GUTIÉRREZ FRANQUI: No puede tomar posesión del cargo hasta obtenido el consentimiento del Senado." (Énfasis del Procurador General.)

tos ejecutivos y la participación del Senado fundado en el principio rector de separación de poderes.

Primero, el razonamiento es endeble y circular. La facultad del Gobernador de extender nombramientos de receso no es absoluta. Sólo puede ejercerla, "en la forma que se disponga por esta Constitución o *por ley*". El énfasis de que el Primer Ejecutivo puede hacer nombramientos de receso, y que éstos quedan sin efecto al levantarse la sesión ordinaria, no quiere decir que él puede crear vacantes donde no las hay. Tampoco puede prescindir del concurso del Senado para sustituir a un funcionario cobijado bajo la "cláusula de continuidad". Aparte de que la misma tiene el propósito de evitar crear vacantes que podrían obstaculizar la prestación de servicios esenciales públicos, guarda íntima correspondencia lógica con la génesis del cargo. Adviértase que en sus inicios el nombramiento del funcionario que se intenta sustituir fue producto del consenso del Ejecutivo y el Senado. ¿Cómo sostener que el primero puede prescindir del incumbente sin la participación del Senado y crear permanentemente una vacante con un nombramiento que por propia naturaleza es interino o temporero?

Segundo, la cita a la que alude el Procurador General es una fuera de contexto. No distingue las diferencias entre un nombramiento de receso y uno hecho con el consejo y consentimiento del Senado. Obviamente se refiere a nombramientos en que hay un cargo vacante. No existe un solo comentario en el historial de la Asamblea Constituyente que apoye tal interpretación. De hecho, algunos de sus miembros estaban muy conscientes de nuestra doctrina jurisprudencial. En la discusión de varias enmiendas propuestas al texto de la Sec. 4, reconocieron que su lenguaje incorporaba y era susceptible de contener "toda [esa] interpretación judicial". 4 Diario de Sesiones de la Asamblea Constituyente 2335 (1952). Aun así, los delegados optaron por no hacer modificaciones expresas a la doctrina en aquel momento existente. De ese modo, continuaron delimitadas las coordenadas constitucionales.

Después de todo, el poder compartido es "una llamada al consenso y no una invitación a que la Rama Ejecutiva o la Legislativa intente imponerle a la otra su criterio". *Hernández Agosto* v. *López Nieves*, 114 D.P.R. 601, 621 (1983).

Tercero, con posterioridad a la Constitución, avalamos y seguimos aplicando la doctrina en *López* v. *Tribunal Superior*, 79 D.P.R. 20, 23 (1956); *J.R.T.* v. *Milares Realty, Inc.*, 90 D.P.R. 844, 858 (1964).

Y finalmente, nos preocupa el impacto de variar la norma. La interpretación del Gobernador convertiría en letra muerta el derecho de todo funcionario nombrado bajo una ley con una cláusula de continuidad. No sólo los fiscales, sino los jueces quedarían en estado de orfandad. Les reduciría sus términos y crearía un peligroso desequilibrio de separación de poderes; socavaría la importante facultad de confirmación del Senado.

## III

Resumiendo, bajo nuestra Constitución el Poder Ejecutivo no puede, sin el consenso del Senado, sustituir a un funcionario cobijado por una cláusula de continuidad. Actuó correctamente el foro de instancia. Al licenciado Betancourt le protege la misma en virtud del Art. 4 de la Ley Núm. 23 de 24 de julio de 1952 (3 L.P.R.A. sec. 93). El Gobernador no podía ni puede sustituirlo durante el receso del Senado. Para que su sucesor *tome posesión del cargo* previamente necesita ser confirmado por el Senado de Puerto Rico.